# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION ASSOCIATED WITH THE SNAPCHAT ACCOUNTS: "SHAWNBONNEAU"; "COL422"; "BCHESKY81"; AND "VIVIBESSS", WHICH ARE STORED AT PREMISES CONTROLLED BY SNAP, INC. D/B/A SNAPCHAT | No. 2:24-mc-235-KFW<br><br>**FILED UNDER SEAL** |

## APPLICATION FOR ORDER COMMANDING SNAP INC. NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF A SEARCH WARRANT AND REQUEST TO SEAL

The United States requests that the Court order Snap Inc. ("Snap") not to notify any person (including the subscribers and customers of the account listed in search warrant docket number 2:24-mj-178-KFW) of the existence of the warrant for an additional period of 90 days, until May 25, 2025.

Snap is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the United States obtained the above-referenced warrant, which requires Snap to disclose certain records and information to Homeland Security Investigations. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the above-referenced search warrant relates to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and its disclosure may alert the target to the ongoing investigation. Accordingly, there is reason to believe that notification of the

existence of the above-referenced search warrant will seriously jeopardize the investigation or unduly delay a trial, including by giving the target the opportunity to destroy or tamper with evidence, change patterns of behavior or flee prosecution. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Much of the evidence in this investigation is stored electronically. If alerted to the existence of the warrant, the target could destroy that evidence, including information saved to personal computers, other electronic devices, or cloud storage.

For these reasons, the United States respectfully requests that the Court enter an appropriate Order directing Snap not to disclose the existence or content of the search warrant until May 25, 2025, except that Snap may disclose the above-referenced search warrant to an attorney for Snap for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until May 25, 2025. As noted above, these documents relate to an ongoing criminal investigation that is neither public nor known to the target of the investigation, and the disclosure of these documents could alert the target to the ongoing investigation. Good cause exists to seal these documents because their premature disclosure may jeopardize that investigation.

Dated: February 13, 2025    DARCIE N. MCELWEE
UNITED STATES ATTORNEY

*/s/Shira Furman*
Shira Furman
Assistant United States Attorney
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
(207) 780-3257
Shira.Furman@usdoj.gov